UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:18-CV-00063-LLK

**GREGORY ALLAN KYLE**                                                                           **PLAINTIFF**

**v.**

**NANCY A. BERRYHILL, Acting Commissioner of Social Security**           **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets # 25 and 30. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 12.)

Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

### The ALJ's findings

The ALJ denied Plaintiff disability claim at the fifth and final step of the familiar five-step sequential evaluation process. First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 28, 2009, when he alleges he became disabled. (Administrative Record (AR) at 16.) Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments: history of substance abuse; a seizure disorder; a cognitive disorder; alcohol-related neuropathy; a shoulder disorder; and depression. (*Id.*) Third, the ALJ found that Plaintiff does not suffer from any impairment satisfying the clinical criteria of any impairment listed in Appendix 1 of the regulations. (*Id.*)

As required in any case that advanced beyond step 3, the ALJ determined Plaintiff's residual functional capacity (RFC). The ALJ found that Plaintiff's physical impairments allow him to perform a limited range of light work. (AR at 17.) He can "sit, stand, and walk up to six hours each in an eight-hour workday, with the ability to change positions without leaving the workstation," but he should "never be exposed to unprotected heights or dangerous machinery" and he should "avoid concentrated exposure to extreme heat." (*Id.*) Plaintiff's mental impairments allow him to "perform entry level work with simple 1-2-3 step procedures," but he should avoid work requiring "fast-paced assembly lines or rigid production quotas" or more than "occasional and casual contact with the public." (*Id.*)

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR at 20.) Fifth, the ALJ found that Plaintiff has not been disabled through the December 4, 2017 decision date because he retains the ability to perform a significant number of light jobs in the national economy such as egg washing machine tender, agricultural produce sorter, and monogram machine tender. (AR at 21-22.)

**First argument**

Plaintiff makes four arguments. First, he argues that his seizure disorder meets or equals the clinical criteria of Listing 11.02, which addresses convulsive epilepsy. (Docket # 25 at 4.) The ALJ stated that she had "consulted appropriate listings in this case, including listings under section[] … 11.00" and found, regarding Plaintiff's seizure disorder, that "the medical evidence of record fails to show a listing level of severity … on a sustained basis." (AR at 16.) For the reasons below, the ALJ's finding is supported by substantial evidence.

Listing 11.02 requires that Plaintiff experience convulsive seizures more than once a month, despite prescribed treatment. The ALJ found that Plaintiff does not follow prescribed treatment:

> [Plaintiff's] seizure activity [since May 9, 2009] has been sporadic, and seems to have reasonably been well controlled if [Plaintiff] is compliant with his medication. For instance, on March 7, 2012, [Plaintiff] reported that his last seizure occurred on November 21, 2011. At this time, he indicated that thought Keppra had contributed to him being fee from seizure activity. [AR at 1078.]

2

> Unfortunately, the claimant has not always taken his Keppra as prescribed. On September 5, 2014, he was documented to be inconsistent in taking his doses of Keppra. [AR at 1221.] The evidence contains other examples of noncompliance. Notable, [Plaintiff] was reported to have left the hospital against medical advice on May 25, 2013, after presenting to the emergency room with seizure activity. [AR at 1335, 1338.]

(AR at 18-19.)

Plaintiff admits that he has he "consistently struggles with taking medication due to his memory issues." (Docket # 25 at 10.) "This is well documented as an ongoing issue." (*Id.*) Plaintiff states that he has "rather profound memory loss and is quite dependent on his mother for his living safely and medication compliance." (Docket # 25 at 4) (citing AR at 1463).

Plaintiff's burden of proving that he satisfies the Listing is strictly construed because the Listing represents an automatic screening in of an impairment as per-se disabling (independently of any other medical or vocational factor). *See Elam ex rel. Golay v. Comm'r*, 348 F.3d 124, 125 (6th Cir. 2003) ("It is insufficient that a claimant comes close to meeting the requirements of a listed impairment."). Listing 11.02 does not excuse non-compliance with prescribed treatment because memory issues are present. Plaintiff's argument that his seizure disorder satisfies Listing 11.02 is unpersuasive.

## Second argument

Plaintiff's second argument is that the ALJ's residual functional capacity (RFC) determination is not supported by substantial evidence because the ALJ's credibility findings are unsupported. In other words, the ALJ should have accepted Plaintiff's testimony of limitations in excess of the ALJ's RFC finding. (Docket # 25 at 16.) "An ALJ's credibility assessment must be accorded great weight and deference." *Workman v. Comm'r*, 105 F. App'x 794, 801 (6th Cir. 2004). "We have held that an [ALJ's] credibility findings are virtually unchallengeable" absent compelling reasons. *Ritchie v. Comm'r*, 540 F. App'x 508, 511 (6th Cir. 2013). Plaintiff identifies no compelling reasons for second-guessing the ALJ's credibility findings.

3

**Third argument**

Plaintiff's third argument is that the ALJ's RFC determination is unsupported because the ALJ erred in applying the rules for weighing medical opinions. Specifically, the ALJ allegedly erred in assigning "little weight" to the opinions of Jimmy E. Couch, D.O. [doctor of osteopathic medicine], Beth E. Frost, D.O., and Rafael Veroslavsky, Psy.D. [doctor of psychology]. (ALJ's decision at AR 20 referencing opinions at AR 1137-42, 1143-46, 1479.)

In June 2017, Jimmy E. Couch, D.O., completed the Attending Physician Restrictions form at Plaintiff's request. (AR at 1479.) Plaintiff characterizes Dr. Couch as his "treating physician," yet Plaintiff admits that Dr. Couch treated him on only "3 visits" (Docket # 25 at 12) -- in January 2017 (AR at 1353), in March 2017 (AR at 1359), and in June 2017 when Dr. Couch completed the form (AR at 1479). The ALJ noted that "Dr. Couch just appears to have started treating [Plaintiff] this year [i.e., 2017]." (AR at 20.) "[I]t is questionable whether a physician who examines a patient only three times over a four-month period is a treating source -- as opposed to a nontreating (but examining) source." *Helm v. Comm'r*, 405 F. App'x 997 n.3 (6th Cir. 2011); *see also Mireles ex rel. S.M.M. v. Comm'r*, 608 F. App'x 397, 398 (6th Cir. 2015) (three-visit medical source classified as consultant).

In any event, regardless of whether Dr. Couch was a treating or an examining/consultative source, the ALJ identified substantial reasons for giving his opinion "little weight":

> [Dr. Counch's] opinion, which would effectively preclude competitive employment, overstates [Plaintiff's] limitations. Among other things, Dr. Couch opined that [Plaintiff] would need to frequently rest, recline, or lie down, and that he would miss four or more days of work a month. This is premised more on [Plaintiff's] subjective complaints, and is manifestly not supported by or consistent with the objective medical evidence. What is more, Dr. Couch just appears to have started treating [Plaintiff] this year. For these reasons, little weight, as opposed to controlling weight,[1] can be given to Dr. Couch's medical source statement.

(AR at 20.)

---

[1] A treating physician's opinion is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

In April 2015, Beth E. Frost, D.O., examined Plaintiff at the request of the Commissioner and provided an opinion regarding Plaintiff's physical impairments and limitations. (AR at 1143-46.) The ALJ identified substantial reasons for giving "little weight" to Dr. Frost's opinion:

> [Dr. Frost's opinion] too [like Dr. Couch's opinion] overstates [Plaintiff's] limitations, and is premised more on [Plaintiff's] subjective complaints. In fact, the objective physical findings recorded by Dr. Frost belie her opinion. Said findings revealed 5 out of 5 bilateral grip and upper and lower extremity strength.

(AR at 20.) The ALJ's giving "little weight" to Dr. Frost's opinion is further supported by the ALJ's giving "significant weight" to the findings of the State agency program physician, which specifically took into account Dr. Frost's findings. (See ALJ's decision at AR 20 referencing program physician's findings at AR 194, which cite Dr. Frost's findings.) "In appropriate circumstances, opinions from State agency medical ... consultants ... may be entitled to greater weight than the opinions of treating or examining sources." *Blakley v. Comm'r*, 581 F.3d 399, 409 (6th Cir. 2009).

In December 2011, in connection with a prior (unsuccessful) application for benefits, Dennis B. Sprague, Ph.D., examined Plaintiff and provided an opinion of Plaintiff's mental limitations. (AR at 521-27.) In April 2015, in connection with the present application, Rafael Veroslavsky, Psy.D., examined Plaintiff and provided an opinion. (AR at 1137-41.) The ALJ identified substantial reasons for giving "little weight" to Dr. Veroslavsky's opinion and "significant weight" to Dr. Sprague's opinion:

> [Dr. Veroslavsky's] opinion, which effectively questions [Plaintiff's] ability to perform even simple tasks, is not commensurate with the objective psychological treatment record. Moreover, it is not consistent with all of the observations made by Dr. Veroslavksy. Of particular note, Dr. Veroslavsky indicated [Plaintiff] to have adequate judgment and decision-making abilities. ... Dr. Sprague suggested [Plaintiff] to have no more than a moderate level of impairment. This is generally commensurate with the objective psychological treatment record.

(AR at 20.) The ALJ's giving "little weight" to Dr. Veroslavsky's opinion is further supported by the ALJ's giving "significant weight" to the findings of the State agency program psychologist, which specifically took into account Dr. Veroslavsky's findings. (AR at 20, 195.)

5

### Fourth argument

Plaintiff's fourth and final argument is that the ALJ's fifth-step finding is not supported by substantial evidence in light of the vocational expert's (VE's) testimony that: 1) The identified jobs are precluded if (in addition to being unable to perform "fast" paced work) Plaintiff is unable to perform "frequent" paced work; 2) Employers generally do not tolerate more than two job absences per month; and 3) Dr. Couch's findings, if accepted, would preclude even sedentary jobs. (Docket # 25 at 16-17 referencing VE's testimony at AR 79, 85.) The argument is unpersuasive because Plaintiff identifies no evidence, which the ALJ was required to accept, that: 1) He is unable to perform "frequent" paced work; 2) He would require more than two job absences per months; or 3) Dr. Couch's findings accurately state his limitations.

### Order

Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

July 22, 2019

**Lanny King, Magistrate Judge**
**United States District Court**